## MORNING v. CRAMP & CO.

(Circuit Court, E. D. Pennsylvania. May 20, 1909.)

### No. 456.

MASTER AND SERVANT (§ 316*) — LIABILITY FOR INJURIES TO THIRD PERSONS — ACTS OF INDEPENDENT CONTRACTOR.

A contract between a general contractor for a building and a subcontractor, by which the latter was to take all the required structural steel work from the cars, and haul and erect the same in place as required by the principal contract, and to assume the responsibility of and pay for any damage to persons and property during the fulfillment of the contract, rendered the subcontractor an independent contractor, for whose negligence in piling material in the street, whereby a person. was injured, the principal contractor was not responsible.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1242, 1243; Dec. Dig. § 316.*

Who are independent contractors, see note to Atlantic Transport Co. v. Coneys, 28 C. C. A. 392.]

At Law. On motion by defendant for. judgment notwithstanding the verdict.

James J. Breen, for plaintiff.
W. W. Smithers, for defendant.

J. B. McPHERSON, District Judge. The defendants, Cramp & Co., had a contract with the city of Philadelphia to erect a school building at the corner where the plaintiff was injured. Some steel girders were piled upon the street in a negligent manner, and the injury was done while the plaintiff was alighting from a street car; her conduct having been free from contributory negligence. A recovery was had, and the question now is whether the jury should have been instructed that the defense set up at the trial must be sustained, namely, that the negligent piling of the girders was not the act of Cramp & Co., but the act of Etter & Co., an independent subcontractor. After a careful review of the testimony, my opinion is that the defense was valid, and that the defendants cannot be held liable for the regrettable injury suffered by the plaintiff.

The agreement between the defendants and Etter & Co. is in writing, and its construction is for the court. The relevant paragraphs are as follows:

"The said party of the second part [Etter & Co.] agree to furnish the necessary plant, labor, fittings, appurtenances, etc., tó haul and erect, and the material and labor required to paint, a.l of the structural steel work, including all suspended ceilings, in accordance with the plans and specifications of the architect, J. Horace Cook.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"It is agreed that the steel work in this contract will be delivered f. o. b. cars Philadelphia, and that the said party of the second part is to furnish all labor, materials, and appurtenances that may be required to take the steel work from the cars, haul the same to the building, and erect the same in place as hereinbefore set forth.

"The said party of the second part agree to carry on the work as directed by Cramp & Co. and with such speed as not to delay the said Cramp & Co. in any manner whatsoever, either during the construction or in the final completion of the building by August 1, 1909. * * *

"The said party of the second part will, at their own cost and expense, supply all said materials and do all said work according to the requirements of said contract, and will push the same with such speed that the said Cramp & Co. and their subcontractors shall be enabled, so far as the assistance of said party of the second part is requisite, to complete the said building in the time stipulated by their contract with the city of Philadelphia. The materials and workmanship are to be of the best quality and shall be furnished to the fullest extent that said Cramp & Co. under their contract can be obliged to furnish them. * * *

"That the party of the second part shall assume the responsibility of and pay for any damage to persons or property during the fulfillment of this contract."

Clearly, as it seems to me, under the cases discussed and the others that are cited in the very complete note to Richmond v. Sitterding, 65 L. R. A. 445, and Coal Co. v. Grider, Id. 455, especially in section IX, pages 475 to 484, the effect of the foregoing provisions was to make Etter & Co. an independent contractor; and this relation was not changed by the clause providing that "the said party of the second part agree to carry on the work as directed by Cramp & Co." Neither is there in the evidence more than a mere scintilla at the most to show that the relation was changed, and that the defendants did actually use a full power of control over Etter & Co., and thereby made them in fact the servants of the defendants in spite of the written agreement. The notes of testimony show clearly, I think, that the suit has been brought against the wrong party, and that the verdict against Cramp & Co. cannot be allowed to stand.

Judgment may, therefore, be entered in favor of the defendants notwithstanding the verdict, and to the entry of such judgment an exception is sealed in behalf of the plaintiff.